UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2020
```

BUILDING MATERIAL TEAMSTERS LOCAL 282, I.B.T.,

                                   Plaintiff,

                -against-

CUENCA CORONEL TRUCKING, INC,

                                   Defendant.

1:19-cv-8323 (KHP)

**OPINION AND ORDER ON CROSS MOTIONS TO CONFIRM/VACATE ARBITRATION AWARD**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Before the Court are the parties' cross-motions to vacate or confirm the arbitration award rendered by Stanley Aiges (the "Arbitrator") dated July 30, 2019 (the "Award").  Plaintiff Building Material Teamsters Local 282, I.B.T. ("Plaintiff" or the "Union") cross-moves to confirm and enforce the Award, while Defendant Cuenca Coronel Trucking, Inc. ("Defendant" or "Cuenca") opposes that motion and cross-moves to vacate the Award.  The parties jointly consented to my authority to conduct and rule on all proceedings in this case, including these cross-motions.  For the reasons explained below, the Court GRANTS Plaintiff's motion to confirm the Award and DENIES Defendant's motion to vacate the Award.

## BACKGROUND

**A.  The Parties, the Collective Bargaining Agreement, and the Arbitration Award**

Defendant operates a commercial trucking business out of Belleville, NJ.  Plaintiff is a labor union that represents employees in the trucking industry and serves as the exclusive collective bargaining representative for Defendant's truck driver employees.  Both Plaintiff and Defendant are parties to the Metropolitan Trucker's Association Contract (the "CBA").  Section 8(f) of the CBA provides that Defendant cannot discipline its employees without "just cause"

and that disputes concerning an employee's termination "shall be submitted for final and binding arbitration to the American Arbitration Association." Declaration of Mauro Cuenca, Ex. A at 12, ECF No. 22 ("Cuenca Decl.").

Defendant has purchased a renewable annual auto-insurance policy to cover damages to its trucks in the event accidents take place in the regular course of business.  Verified Answer to Complaint/Petition & Cross-Petition to Vacate Arbitration Award ¶ 49, ECF No. 21 ("Def's Answer").  Its current insurer is Navigators Insurance Company ("Navigators").  The policy may and does exclude certain drivers by name from coverage.  *Id.*  Defendant refuses to employ drivers who are excluded under its insurance policy.  Cuenca Decl. ¶ 5.  The rationale for this practice is obvious; if a named excluded driver were to get into an accident while driving for Cuenca, Cuenca would not have insurance coverage for damages to its trucks caused by the accident.

Every year Cuenca, through its insurance broker CRC Insurance Services ("CRC"), submits a renewal application for its auto-insurance policy and receives a quote of the cost.  *Id.* at ¶ 7.  Navigators also determines and issues driver exclusions from the Cuenca policy based on drivers' Motor Vehicle Records.  *See* Def's Answer ¶ 52.  After the exclusions are determined, Cuenca makes decisions as to which of its active drivers may operate its trucks during that policy year.  Cuenca Decl. ¶ 5.  As stated above, Cuenca requires its active drivers to be covered under the policy before permitting them to operate a truck.

In early February 2017, Defendant employed Mr. Javier Madrid-Ramirez ("Madrid-Ramirez") as a truck driver.  Madrid-Ramirez was (and is) represented by the Union and covered

under the parties' CBA.  The Arbitrator found that, on July 19, 2018, a representative from CRC

sent an email to Navigators stating that Cuenca wanted to terminate Madrid-Ramirez but that

"the Union won't let [it] without something from the carrier.  Can you just issue a driver

exclusion and send it my way.  Thanks."  *Id.*, Ex. G at 2.  The Arbitrator also determined that,

minutes later, Navigators issued an exclusion, at CRC's request, purportedly based on the fact

that Madrid-Ramirez did not meet Navigator's underwriting criteria and was, therefore,

uninsurable.  *Id.*, Ex. G at 3.  Then, on or about August 24, 2018, Cuenca officially terminated

Madrid-Ramirez's employment.  Defendant informed Madrid-Ramirez that Cuenca's insurance

carrier had removed him from the company's auto-insurance policy and, as a result, he was no

longer permitted to operate a Cuenca truck.

The Union filed a grievance challenging the termination pursuant to the grievance and

arbitration procedure set forth in the CBA.  The grievance ultimately was heard by the

Arbitrator, who conducted a three-day hearing at which both sides presented evidence and

testimony.  On July 30, 2019, the Arbitrator issued his Award.  He concluded that Cuenca lacked

just cause to discharge Madrid-Ramirez and directed Cuenca to reinstate Madrid-Ramirez with

back-pay to the date of his termination.  *Id.*, Ex. G at 5-6.  In the Award, the Arbitrator noted

that it is common to sustain a discharge of a driver based on the driver being uninsurable.

However, he found that in Madrid-Ramirez's case, Cuenca was not a neutral bystander.

Instead, he found that the evidence showed that Cuenca initiated Madrid-Ramirez's exclusion

from its policy by asking its broker, CRC, to request that Madrid-Ramirez be excluded because it

wanted to discharge him.  The Arbitrator found that the exclusion was a pretext to justify

discharging Madrid-Ramirez and a sham reason.  His rationale for this finding was based on the

quick (six minute) decision by Navigators to issue the exclusion after it was expressly requested to justify the termination, as well as the lack of explanation by Navigators as to the criteria that warranted exclusion of Madrid-Ramirez from its policy.  The Arbitrator also was troubled that Navigators failed to provide the documentation upon which it relied when finding that Madrid-Ramirez did not meet its underwriting criteria, characterizing Navigators as "stonewalling" the Union.   Finally, he found that the company had not met its burden of proof in demonstrating that the discharge was for just cause and that the company had unclean hands.  *Id.*, Ex. G at 5.

Defendant refused to reinstate Madrid-Ramirez, indicating its intent to pursue vacatur in this Court.

**B.  Procedural History**

Plaintiff (the Union) filed a verified complaint with this Court on September 10, 2019 seeking to confirm and enforce the Award directing that Madrid-Ramirez be reinstated to his job at Cuenca.  Defendant then submitted its verified answer and cross-petition to vacate the Award on December 2, 2019.  On January 17, 2020 Defendant filed its cross-motion to vacate the Award with an accompanying brief.  Plaintiff responded with a cross-motion to confirm the Award along with an accompanying brief of its own.  The Court addresses the parties' principal arguments in more detail below.

<u>**DISCUSSION**</u>

This matter is governed by Section 301 of the Labor Management Relations Act.  29 U.S.C. § 185.  This section confers federal courts with jurisdiction to confirm or vacate labor

arbitration awards.[1]  *United Paperworkers*, 484 U.S. at 37.  Federal policy favors the settlement of labor disputes by arbitration.  *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596 (1960).  The United States Supreme Court has directed courts to uphold a labor arbitration award so long as it "draws its essence from the collective bargaining agreement." *Id*. at 597.  Courts must defer to an arbitrator's findings of fact, except in extremely narrow circumstances.  *United Paperworkers*, 484 U.S. at 38.  "[C]ourts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretations of the contract."  *Id*. at 36.

Defendant advances three distinct arguments in support of its cross-motion to vacate. First, Defendant asserts that the Award must be vacated because the Arbitrator exceeded his authority by rendering an irrational decision.  Second, Defendant maintains that the Award is also invalid because it violates public policy.  And third, Defendant argues that the Award exhibits a manifest disregard of the law.  The Court assesses each of these arguments in turn below.

A.  **Exceeding Arbitral Authority / Irrationality**

In this Circuit, there are very limited circumstances when an arbitration award may be properly vacated.  *Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 17 (2d Cir. 1994) (per curiam); *see also Trs. of New York City Dist. Council of Carpenters Pension Fund v. Visual Acoustics, LLC,*

---

[1] To the extent Cuenca has suggested that the Federal Arbitration Act ("FAA") governs this dispute, it is mistaken. The FAA does not apply to collective bargaining agreements.  9 U.S.C. § 1.  However, courts borrow from case law developed under the FAA for guidance in resolving motions to vacate labor arbitration awards.  *See United Paperworkers Int 'l Union v. Misco, Inc.,* 484 U.S. 29, 40 n.9, (1987) (acknowledging that "federal courts have often looked to the [FAA] for guidance in labor arbitration cases"); *CocaCola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 55 (2d Cir. 2001) ("[T]he body of law developed under Section 301 will at times draw upon provisions of the FAA, but by way of guidance alone.").

No. 18-cv-4393 (JGK), 2018 WL 3187351, at *2 (S.D.N.Y. June 28, 2018) (citing *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29 (1987); *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960)); *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016). This is because, as alluded to above, the federal policy in favor of settling labor disputes through arbitration would be "undermined if courts had the final say on the merits of the awards." *United Steelworkers*, 363 U.S. at 596. Defendant argues, however, that the Arbitrator nevertheless exceeded his powers arising out of the CBA by issuing an irrational award. Memorandum of Law Defendant Cuenca Coronel Trucking, Inc. in Support of its Opposition to Confirm the Arbitration Decision and Award and in Support of its Cross-Petition to Vacate the Arbitration Award at 7-9, ECF No. 29 ("Def's Mem.").

Vacatur on this ground asserted by Cuenca is only appropriate where the arbitrator strays from interpreting and applying the applicable contract and applies his/her own brand of industrial justice. *Unite Here Local 100 v. Westchester Hills Golf Club, Inc.*, 161 F. Supp. 3d 262, 264-65 (S.D.N.Y. 2016) (citing *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)). The inquiry, therefore, is focused on whether the arbitrator acted within the scope of his/her power under the contract and whether the award can be inferred from the facts of the case. *Burns Int'l Sec. Servs.*, 47 F.3d at 17; *Trs. of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Mgmt. Cooperation Funds v. All State Furniture Technicians Corp.*, No. 17-cv-722 (SJF) (AKT), 2017 WL 2350690, at *3 (E.D.N.Y. May 31, 2017). Put differently, in order for the Court to vacate the Award for this reason there cannot be any "colorable justification" for the conclusions reached. *Unite Here*, 161 F. Supp. 3d at 265 (citing *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004)).

Defendant's initial brief does not argue that the issue of Madrid-Ramirez's insurability, or any other issue addressed in the Award, was beyond the scope of the arbitrator's authority under the CBA.  Defendant simply asserts that the Arbitrator exceeded his authority by rendering an irrational decision that cannot be inferred from the facts of the case.  Def's Mem. at 8.

To this end, Defendant highlights the Arbitrator's finding that Defendant failed to present credible evidence at arbitration that Madrid-Ramirez was uninsurable.  Defendant disagrees and points to the Common Policy Change Endorsement, dated July 16, 2018, as a prime example of credible evidence demonstrating Madrid-Ramirez's uninsurable status. Cuenca Decl., Ex. E; Def's Mem. at 8.  Defendant postulates that this document, coupled with the lack of evidence that Cuenca contacted either CRC or Navigators to request the exclusion, supports the notion that Navigators independently determined Madrid-Ramirez to be uninsurable.  Def's Mem. at 8.  Although not explicitly stated in Defendant's submissions, Defendant implies that CRC independently reached out to Navigators in order to obtain the named driver exclusion.  Thus, Defendant argues, it had just cause to terminate Madrid-Ramirez.

Plaintiff correctly points out, however, that this Court's analysis must be limited to the evidence offered at arbitration and that the Court must accept the reasonable credibility determinations made by the Arbitrator with respect to the evidence presented.  *See United Paperworkers*, 484 U.S. at 38 ("Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.  To resolve disputes about the application of a collective-bargaining agreement, an arbitrator must find facts and a

court may not reject those findings simply because it disagrees with them"); *Unite Here*, 161 F.

Supp. 3d at 265 (citing *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 214 (2d Cir.

2002)); *Ahing v. Lehman Bros., Inc.*, No. 94-cv-9027, 2000 WL 460443, at *9 (S.D.N.Y. Apr. 18,

2000) ("it is not the court's function to weigh the evidence anew or to make findings of fact.

Rather, the court's role is limited to reviewing the evidence in the case to determine whether a

basis exists for the outcome reached").

In this case, there are sufficient grounds to sustain the Arbitrator's decision.  It is clear

from the Award that the Arbitrator evaluated the totality of the evidence and determined that

Cuenca directed CRC to reach out to Navigators to request an exclusion.  This conclusion is

supported by the email correspondence, dated July 19, 2018, wherein a CRC representative

explicitly requests that Navigators issue a driver exclusion to arm Defendant with a basis to

discharge Madrid-Rodriguez.  Although Defendant offers an alternative characterization of this

evidence – that Navigators decided to exclude Madrid-Ramirez independently – this Court is

not permitted to question either the Arbitrator's fact-finding or his evidentiary credibility

determinations.  *See United Paperworkers*, 484 U.S. at 38.  By merely providing an alternative

understanding of the facts Defendant fails to meet its burden to show that there is no proof

whatsoever that justifies the conclusion reached by the Arbitrator.  *See Yonir Techs., Inc. v.*

*Duration Sys. (1992) Ltd.*, 244 F. Supp. 2d 195, 210 (S.D.N.Y. 2002).

Simply put, the Arbitrator based his findings, in large part, on the email exchange

between CRC and Navigators wherein a CRC representative explicitly requests a driver

exclusion.  To reevaluate whether or not that request was, in fact, made on behalf of Cuenca

would be to go beyond this Court's authority on review, especially since the Arbitrator's

findings can be reasonably inferred from the evidence presented and provide a colorable justification for his conclusions.[2]

Moreover, Defendant fails to cite a single case from this Circuit where a court affirmatively vacated an arbitration award because an arbitrator exceeded his authority. Indeed, Defendant relies on *MasTec N. Am., Inc. v. MSE Power Sys.*, 581 F. Supp. 2d 321 (N.D.N.Y. 2008) in support of its argument on this point.  In *MasTec*, several disputes arose out of the parties' subcontracting agreement, and the parties consented to adjudicate those disputes through arbitration.  After losing before the arbitration panel, the defendant cross-moved to vacate the award.  The defendant argued, in part, that the award was irrational based on the varying amounts awarded for warranty back charges for separate construction projects involved in the case.  *Id.* at 328.  The Court *refused* to vacate the award and found that the differing award amounts could be reasonably inferred from the facts of the case.  More specifically, the Court explained that the back charge discrepancies cited by the defendant were not necessarily irrational and could be justified based on the different type of work performed in connection with each project.  *Id.* at 330.  Much like the Court in *MasTec*, this Court finds that the Arbitrator's understanding of the correspondence between CRC and Navigators referenced above reasonably flows from the evidence presented.[3]

---

[2] The Court additionally notes that Defendant concedes that CRC is authorized to communicate on behalf of Cuenca.  Reply Memorandum of Law of Defendant Cuenca Coronel Trucking, Inc. in Further Support of its Cross-Petition to Vacate the Arbitration Decision and Award and Opposition to Confirm the Arbitration Decision and Award at 4 n.4, ECF No. 39 ("Def's Reply").

[3] Defendant's Reply also relies on a footnote from one Third Circuit case that cites to another Third Circuit case in support of the proposition that an arbitration award can be overturned if the decision is not supported by the record.  Def's Reply at 5 (citing *United Indus. Workers v. Gov't of the V.I.*, 987 F.2d 162, 170 (3d Cir. 1993)).

Defendant adds a wrinkle to this argument – that the Award impermissibly limits Cuenca's ability to express concern to its insurance carrier about an employee's driving record prior to the issuance of driver exclusions.  Defendant asserts that the Arbitrator's decision infringes on Cuenca's rights under the CBA and that, therefore, the Arbitrator exceeded his authority.  Def's Reply at 5-6 (citing *Monongahela Valley Hosp., Inc. v. United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO CLC*, 946 F.3d 195 (3d Cir. 2019)).  *Monongahela Valley*, however, is inapposite.  In that case, the arbitration award precluded the hospital-employer from denying senior bargaining unit employees their desired vacation time without an "operating need" to justify the denial of vacation.  *Monongahela Valley*, 946 F.3d at 198.  The Third Circuit held that the arbitrator exceeded his authority by injecting this "operating need" requirement into the CBA, contrary to the parties' bargaining history.  *Id.* at 201.  Thus, the court vacated the award, finding that it was contrary to the underlying collective agreement.

In the instant case, however, Defendant does not assert that the Award contradicts the parties' bargaining history.  Indeed, Cuenca's position – that the Award imposes a restriction on its communication with Navigators before a driver exclusion is issued – mischaracterizes the Arbitrator's decision and his underlying rationale.  To be sure, the Award was based, in part, on the fact that Navigators replied to CRC that Madrid-Ramirez did not meet its underwriting criteria "a scant six minutes after receiving [CRC's] request."  Cuenca Decl., Ex. G at 4.  That, coupled with the Arbitrator's observation that Navigators was "stonewalling" the Union, shows

---

Importantly, however, the court in *United Indus. Workers* found that the arbitrator's decision to exclude Hearing Officers from the bargaining unit at issue was valid, as there was support for that conclusion in the record.  *Id.*

that the Award will not preclude Cuenca from communicating with Navigators in connection

with the issuance of future driver exclusions.  To the contrary, the Award merely proscribes

such communications that seek to acquire a pretext to terminate an employee that could

otherwise not be discharged.  *Id.*  This conclusion is in line with the CBA's "just cause" provision.

Therefore, Defendant's argument fails.

**B.  Public Policy**

Defendant also advances an argument that the Award must be set aside because it

violates public policy.  Def's Mem. at 9.  The Court disagrees.  The Second Circuit only

recognizes a public policy ground for vacating arbitration awards in extremely limited

circumstances.  *New York City v. Ass'n of Wall-Ceiling & Carpentry Indus. of N.Y., Inc.*, 826 F.3d

611, 618 (2d Cir. 2016).  A court must assess whether the award itself creates an "explicit

conflict with other laws and legal precedents and thus clearly violates an identifiable public

policy."  *Id.* at 618 (quoting *Local 97, Int'l Bhd. Of Elec. Workers v. Niagara Mohawk Power

Corp.*, 196 F.3d 117, 125 (2d Cir. 1999)).  The Award is not in conflict with any identifiable public

policy in this case.

The New Jersey statute Defendant cites in support of its public policy argument is

inapplicable.  N.J.C. 17:28-8, 63a provides that:

> "[a]n insurer authorized to transact or transacting automobile insurance business in this
> State shall file with the commissioner, for the commissioner's approval, an endorsement
> to its automobile liability insurance policy which contains a 'named excluded driver'
> provision that would exclude physical damage coverage on an automobile covered by an
> automobile liability insurance policy if it is operated by the 'named excluded driver' . . ."

Nothing in the Award precludes Cuenca from filing the required endorsement or obtaining an exclusion via legitimate means in the future.  Therefore, Defendant's public policy argument fails.

### C.  Manifest Disregard of the Law

Finally, as Defendant suggests, this Circuit recognizes another ground for vacating an arbitration award beyond those already discussed.  Specifically, an arbitration award should be overturned when the award exhibits a "manifest disregard of the law."  *Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, 204 Fed. Appx. 40, 43 (2d Cir. 2006) (summary order); *see also Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (quoting *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002)).  However, a court may only vacate an arbitration award because of a manifest disregard of the law in "exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent."  *T.Co. Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (citations omitted).  Courts have interpreted that impropriety to mean more than an arbitrator's mere error or misunderstanding with respect to the law.  *Id.*  To the contrary, the award may only be vacated on this ground where the moving party can demonstrate that: (1) the arbitrator was aware of a governing principle of law and refused to apply it; and (2) the law the arbitrator ignored was well-defined, explicit, and clearly applicable to the case at bar.  *Porzig*, 497 F.3d at 139.  As the party seeking to vacate the Award in this case, Defendant bears the "heavy burden" to satisfy this standard.  *GMS Group, LLC v. Benderson*, 326 F.3d 75, 81 (2d Cir. 2003).

Defendant argues that the Arbitrator exhibited a manifest disregard of the law because he neglected to consider sections 42.B and 8.G.9 of the CBA as well as N.J.C. 17:28-8, 63a in rendering the Award.  First, it should be noted that both CBA provisions Defendant references relate to the status of Madrid-Ramirez's driver's license.

Section 42.B of the CBA provides:

> "Any employee who suffers a suspension and/or revocation of his/her driver's license shall forfeit his/her seniority and shall be discharged . . ."

Section 8.G.9 of the CBA provides:

> "A driver must present a valid CDL License and proof that he or she is eligible, under DOT Drug testing Regulations, to drive a vehicle."

In substance, Defendant asserts that the exclusion issued by Navigators with respect to Madrid-Ramirez was based on the fact that Madrid-Ramirez's license was suspended since June 12, 2018.  Def's Mem. at 7.  Therefore, Defendant argues that Madrid-Ramirez is "unemployable" as a truck driver pursuant to the plain language of the CBA provisions outlined above.  *Id.*  Crucially, however, Cuenca did not advance this argument at arbitration.  Plaintiff Local 282's Memorandum of Law in Opposition to Defendant's Motion to Vacate the Arbitration Award, and in Support of Cross-Motion to Confirm the Arbitration Award at 12, ECF No. 37 ("Pl's Mem.").[4]  In fact, the key July 19 email chain between CRC and Navigators attached a "Driver Record Service Report for New Jersey," dated July 16, 2018, that did not reference Madrid-Ramirez's license suspension from June 12, 2018.  Declaration of Joseph J.

---

[4] Defendant's Reply does not contest the fact that Defendant did not raise this argument before the Arbitrator.

Vitale, Ex. 1, ECF No. 38 ("Vitale Decl.").  Thus, it is unlikely that the suspension served as the basis for the exclusion that was issued just minutes after CRC's request.  Moreover, as the Union points out, Defendant also neglected to raise this argument in its July 3, 2019 letter to the Arbitrator seeking to justify Madrid-Ramirez's discharge.  Vitale Decl., Ex. 3.  As a result, Cuenca effectively waived its ability to challenge the Award on these grounds.  *See New York Hotel and Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 778 (S.D.N.Y. 1997) ("permitting a party to oppose confirmation of an award based on a claim that it did not raise before the arbitrator would . . . offend the general principle that a party 'cannot remain silent . . . and when an award adverse to him has been handed down complain of a situation of which he had knowledge from the first'") (internal citations omitted); *Mandarin Oriental Mgmt., (USA) v. New York Hotel & Motel Trades Council, AFL-CIO*, No. 13-civ-3984 (RMB), 2014 WL 345211, at *8 (S.D.N.Y. Jan. 31, 2014) (holding that a party waived any objection to arbitrability by participating in two arbitral proceedings without objecting to the arbitrator's jurisdiction).

Additionally, and as discussed above, N.J.C. 17:28-8, 63a does not prohibit Defendant from employing a driver that is or should be excluded from the applicable insurance policy.  The statute merely requires Cuenca to file an endorsement with the Commissioner of Insurance including a "named excluded driver" provision that operates to exclude physical damage coverage on an automobile if it is operated by an excluded driver.  Nothing in the Award requires Cuenca to violate this law.  As such, Defendant has failed to show the New Jersey statute to be clearly applicable to this case or that either the statute or the CBA provisions cited were ignored by the Arbitrator in rendering the Award.

Based on the above, Cuenca's cross-motion to vacate the Award is DENIED.

**D.  The Union's Cross-Motion to Confirm**

When parties to a collective bargaining agreement agree to submit disciplinary disputes to an arbitrator, they agree to accept and adhere to his/her judgment.  *Advance Publ'ns, Inc. v. Newspaper Guild of New York, Local 3, TNG, AFL-CIO*, 616 F.2d 614, 618 (2d Cir. 1980).  As mentioned above, if an arbitrator interpreted – even arguably – the parties' contract and provides a colorable justification for his/her conclusions, the award must be confirmed.  *Unite Here*, 161 F. Supp. 3d at 265.

In light of the reasons discussed above, this Court finds that the Award can be reasonably inferred from the evidence and that it draws its essence from the "just cause" provision of the collective bargaining agreement.  The Union's cross-motion to confirm the Award is therefore GRANTED.

**E.  The Union's Request for Attorney's Fees**

The Union also argues that Cuenca's cross-motion to vacate the Award is baseless and that, therefore, the Union should be entitled to reasonable attorney's fees and costs resulting from the litigation it was forced to pursue to confirm and enforce the Award.  Pl's Mem. at 14-15.  A federal court cannot grant attorney's fees absent some statutory authorization to do so. *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (citing *Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240 (1975)). Although Section 301 of the Labor Management Relations Act does not provide for attorney's fees in actions to confirm and enforce an arbitral award, a court may nevertheless grant attorney's fees pursuant to its inherent equitable powers.  *Int'l Chem. Workers*, 774 F.2d at 47.

In confirmation proceedings for arbitration awards "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded."  *New York City Council of Carpenters Pension Fund v. Angel Constr. Grp.*, No. 8-cv-9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009) (citing *Int'l Chem. Workers*, 774 F.2d at 47).  The question, therefore, is whether Cuenca was justified in refusing to reinstate Madrid-Ramirez and pay him back wages, as directed by the Arbitrator.

Significantly, Defendant does not dispute the Union's contention that Defendant failed to comply with the Award without justification.  Further, Defendant's arguments in support of vacatur discussed above do not, on their own, provide sufficient justification to escape liability for attorney's fees.  *See Hotel, Motel & Restaurant Emps. & Bartenders Union, Local 471, AFL-CIO v. P. & J.G. Enters.*, 731 F. Supp. 88, 92 (N.D.N.Y. 1990) (granting attorney's fees in a Section 301 confirmation case while rejecting Respondent's argument that its noncompliance with the arbitration award was justified because it contended that the award was contrary to the facts of the case).  Further, the CBA explicitly states that awards "shall be final, conclusive and binding upon the parties" and that the "parties agree that they will not go to Court to vacate or appeal any arbitration . . . award involving an individual member."  Cuenca Decl., Ex. A at 12-13.  To be sure, it was the Union that first initiated this action.  However, the fact that Defendant continuously neglected to comply with the Award and eventually moved to vacate the Award in Court supports the notion that its actions are not justified.  *Cf. Dist. Council of New York City and Vicinity of the United Bhd. of Carpenters and Joiners of Am. v. Infinity Mgmt.*, No. 19-cv-

10654 (GHW), 2020 WL 550699, at *4 (S.D.N.Y. Feb. 3, 2020) (granting attorney's fees, in part, based on the language of the parties' collective agreement).

The Union's request for attorney's fees is therefore GRANTED. The Union is directed to file an affidavit with this Court setting forth the amount of attorney's fees incurred in this action. Cuenca will be permitted to respond to this submission within 30 days after service.

## CONCLUSION

Based on the above, this Court finds that the Award must be confirmed, as there is no evidence that the Award was made in manifest disregard of the law nor is there evidence that the Arbitrator exceeded his authority in rendering the Award. The Court also finds that Plaintiff is entitled to reasonable attorney's fees and costs incurred during this litigation. Accordingly, Plaintiff's cross-motion to confirm the Award is GRANTED (ECF No. 36) and Defendant's cross-motion to vacate the Award is DENIED (ECF No. 28).

**SO ORDERED.**

Date:   August 17, 2020
        New York, New York

KATHARINE H. PARKER
United States Magistrate Judge